UNITED STATES v. SCOTT et al.

No. 8985.

District Court, E. D. Missouri, E. D.

April 10, 1931.

L. H. Breuer, U. S. Dist. Atty., of Rolla, Mo., and John C. Dyott, Asst. U. S. Atty., of St. Louis, Mo.

Rassieuer & Goodwin, Frank H. Haskins, E. J. Bean, N. Murray Edwards, McLaran & Garesche, Jones, Hocker, Sullivan & Gladney and James E. Carroll, all of St. Louis, Mo., for defendants.

FARIS, District Judge.

There were presented to the court, shortly heretofore, divers motions, by defendants and others, having to do with the distribution of moneys in court, to the former owners of the Grone, Griesedieck, and Dyer lots (which are hereinafter referred to more accurately by sufficient description), taken by plaintiff herein by eminent domain, as also a motion by the city of St. Louis to withhold payment and distribution of certain sums heretofore assessed as benefits against the parcels of land taken by plaintiff, as also a motion by James E. Carroll, Esq., for the allowance of a fee to him as guardian ad litem, appointed by this court to act for and represent certain infant defendants.

The motion of the city of St. Louis deals with two categories, or classes, of claims, arising from benefits: (a) Such benefits as have been, prior to judgment of condemnation herein, reduced to final judgment; and (b) such as have been assessed in an action, or actions, pending long prior to the filing in March, 1930, of the action at bar, but not yet reduced to judgment.

It seems to be conceded that all assessments of benefits which have been reduced to judgment prior to the rendition of judgment

of condemnation in the main case herein are liens and should be paid to the city of St. Louis out of the money in court, and deducted from the awards now held in cash in the registry of this court.

I think there is no question as to the legality and justice of the city's contention as to all such sums so antecedently reduced to judgment, and as to such, obviously, the motion must be sustained, and presently it will be so ordered.

As to the benefits assessed against the lots taken here, but not yet reduced to final judgment, I have, with a modicum of regret, concluded that the city is not entitled to have these sums retained in this court and to be paid to the city of St. Louis when and if final judgment shall be rendered in actions pending, which confirm such assessments against the lands taken and as benefits thereto.

I have not found, nor has the diligence of counsel enabled them to find, any case directly in point upon the rather unique question here concretely presented. The case of In re Paseo, 78 Mo. App. 518, is most nearly in point, so far as concerns Missouri cases. There it was said by the court, in a case involving the lien of a tax bill on lands condemned by the city for a park, that: "We therefore hold that as the improvements upon which these tax bills are based formed no part of the value of the land at the time that value was assessed, and as the tax bills impose no personal liability, and did not become a lien on the land before the judgment of condemnation, the interpleaders Ross and Childers have no right to the money in question and the judgment will be affirmed."

The judgment in that case had been for the Scarritts, the owners of the land which had been condemned.

The case of Municipal Securities Co. v. Kansas City, 265 Mo. 252, 177 S. W. 856, is not in point, because there the holders of the special tax bills had sued the city on such bills in the teeth of the charter, the adjudicated cases, and the law which specifically denied liability of the city to pay such bills; moreover, the bills sued on, upon their faces specifically denied any liability whatever of the city to pay them, in any event.

The case of Ross v. Gates, 183 Mo. 338, 81 S. W. 1107, is not controlling, because there the tax bills had been issued long before the judgment condemning the land had been rendered, and the defendants, who owned the land, testified before the viewers as to the increase of value by reason of the improvements for which the tax bills were issued, and the increased value was actually taken into account by the viewers in fixing the value of the lands taken.

It would seem to follow, then, that at least one of two verities must be present: (a) There must be a final judgment which confirms assessed benefits before the fund is paid into court; or (b) the record must somewhere show that the viewers took the assessed benefits into consideration and in their report augmented the value of the land by reason of such benefits, and to the extent of the amount thereof.

The record here is wholly silent as to whether any such augmentation was made by the viewers. Certainly, as to a major part of the sums here in dispute, there was no judgment lien in favor of the city of St. Louis. In all cases where there was such lien, of course, as said already, the city must be paid its benefits from the fund now here in court.

In all other cases, I am of opinion that the city cannot recover from this fund. Its remedy must be sought somewhere else. The fairness and justice of the city's claim is so apparent, and the difficulties in the way of other relief are so great, that I have tried to find some law to help the city, but have been unable to find any law to jump with my personal wishes in the case. Regrettably, sometimes natural equity and law are out of step.

In the absence of a judgment for these benefits, which would constitute a lien, and in the absence of an affirmative showing that the value of the lots as reported by the viewers was increased by them to the condemner, plaintiff in the main case, such benefits as are to arise when the improvements out of which the assessed benefits accrued are made will inure to the condemner and not to movants, the former owners of the lots.

The cases dealing with the point in hand are few, and the courts have, for the most part, resolved it upon inquiry whether there was an existing, rather than a mere potential, lien. 20 C. J. 855.

In an equity case from New Jersey (Bowers v. Bloomfield, 81 N. J. Eq. 163, 86 A. 428, 45 L. R. A. [N. S.] 451) the claim of the city of Bloomfield was upheld in a case in many respects similar to this at bar, seemingly on the ground that the landowner had been the petitioner for the improvement out of which the special tax bill grew, and that the improvements had been completed (except a part thereof, which was completed twenty-four hours after) before the title to the land

condemned had passed to the condemner. While a maxim admonishes that equity follows the law, the law does not always follow equity.

It follows that the motion of the city must be overruled, except as to such benefits as have already ripened into judgment, as heretofore stated.

The money in the registry of the court (except the sum awarded to the Hornbeck & Hardie Electric Company) will be paid out to the former owners, as prayed in their several motions, except the sums in the aggregate claimed by the city of St. Louis, which latter sums may be paid to the former owners in three months and one day after date, should no appeal be taken; if an appeal shall be taken, then the money in controversy to await the event of such appeal.

The money now in court ($33,250) arising from the taking of lot 56 and the north part of lot 55, in block 206-N in the city of St. Louis, will be divided after making the deductions above set out, if any, to the city of St. Louis, in equal moities, between Adelaide D. Grone, as life tenant under the will of Herman Grone, deceased, and pursuant to the terms and conditions of said will, and to Leo S. Rassieur and Henry T. Brinkwirth, as executors of the estate of John G. Grone, deceased, in all things in accord with the terms and provisions of said will of said John G. Grone, deceased.

The claims of all and singular other parties to this fund last above mentioned are denied.

The money now in court ($86,860) arising from the taking by plaintiff of the north 15 feet of lot 58, and all of lots 59 and 60 of the subdivision in partition of Henry Chouteau's estate, in block 206-N, in the city of St. Louis, will be awarded and paid to A. A. Griesedieck, B. H. Stoltman, and F. J. Schramm, as trustees under the instrument of trust, dated the thirtieth day of December, 1926, filed for record in the recorder's office of the city of St. Louis, on the fifth day of January, 1927, and recorded in book 4526 at page 426, in all things pursuant to said instrument of trust, subject to the deduction of judgments and benefit assessments in favor of the city of St. Louis, as above discussed.

The motion for distribution of defendants, Margaret B. Dyer, and Lilia C. Dyer, will be sustained, subject to the payment of the judgment and retention of the sum of the assessments in favor of the city of St. Louis, as above discussed, and the claim of Hornbeck & Hardie Electric Company, heretofore, and as heretofore allowed by this court. And subject to and less the above deductions, the sum of $50,100 awarded to said defendants, Margaret B. Dyer and Lilia C. Dyer, arising from the taking of lot 57 and the south ten feet of lot 58, of subdivision in partition of Henry Chouteau's estate, and in block 206-N, in the city of St. Louis, Mo., will be awarded pursuant to motions, as in said motion prayed.

The motion of James E. Carroll, Esq., for allowance of a fee in his favor as guardian ad litem of divers infants, defendants herein, will be sustained, and he will be allowed the sum of $1,000, to be taxed as costs in the case.

An order, or orders, may be presented for settlement and signing, in accordance with these views.